## J. T. BROWN v. LUCRETIA RENTFRO ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Verdict—Confirmation of Decree.*—Where the jury found for plaintiff that he was insane at the time he signed an agreement upon which a judgment at a former term of the court had been rendered, *Held*, Error, for the court, notwithstanding said verdict, to confirm said decree.

*Same—Sanity—Presumption of.*—The jury finding plaintiff insane at the time the agreement was signed, the presumption will obtain that he was insane at the time of the rendition of the decree three days thereafter.

*Non-obstante Veredicto.*—The practice of rendering judgment *non-obstante veredicto* is not to be encouraged by the courts, nor to be extended to cases not heretofore embraced in the rule.

See rule of judgment *non-obstante reredicto* discussed and illustrated.

Appeal from the district court of Travis county.

James T. Brown, in his own right and as next friend and natural guardian of his minor children, James Brown and William H. S. Brown, brought this suit against appellees, June 27, 1873, to vacate and set aside a decree theretofore rendered in a certain cause, No. 3056, styled Lucretia R. Brown v. James T. Brown. The case made is in effect this: James T. Brown and Lucretia R. Rentfro, then Brown, were husband and wife, and owned and occupied as their homestead lots 5, 6, 7 and 8, in block 173, city of Austin, which was their community property. Brown conveyed a portion of these lots to his daughter, Martha J., and January 10, 1871, Mrs. Brown brought suit to cancel that conveyance. Pending that suit, Mrs. Brown sued the husband for a divorce, etc.

March 4, 1871, they entered into an agreement concerning the property, in case the divorce was granted. On March 7, 1871, three days afterwards, the two causes were consolidated and the case was tried and a divorce granted to Mrs. Brown, the court thereupon rendered a decree disposing of the custody of the children and the property in accordance with the terms of the agreement, the effect of which was to divest all right and title to the property out of James T. Brown and vest the same in the parties named in the agreement.

Brown claims that he was insane at the time the agreement was made, and continued so insane for more than one year thereafter, and prayed that the decree, so far as it effected the question of property, be vacated and annulled, etc.

Both in the original and amended petitions there were numerous allegations to the effect that Mrs. Brown had married again and had abandoned the minors, James and William, followed by prayers for relief in behalf of the minors. The court sustained exceptions to this branch of the case, and dismissed the same as to the minor plaintiffs.

March, 1875, the cause was tried and resulted in a verdict in favor of appellant, but upon motion the court rendered a judgment in favor of appellees confirming the former decree, from which this appeal was taken by Brown.

The error relied on, is that the court erred in rendering judgment in favor of the appellees when the verdict was in favor of appellant.

Opinion by Watts, J.

Upon what view of the case the court proceeded, in rendering judgment for appellees, notwithstanding the verdict was in favor of appellant, is not shown by the record. If, as urged in the brief of counsel, it was upon the idea that after the appellees' exceptions were sustained, and the minor plaintiffs dismissed. that there remained no cause of action in behalf of appellant, that position is not maintainable.

While the petitions and amendments seemed to have been framed especially with the view of securing some relief for the minor plaintiffs, still excluding from consideration all the allegations relating to them, there is a cause of action in behalf of appellant, set up in the petition and amendments.

It is alleged that the decree divesting all right and title to the land out of appellant, was based upon an agreement entered into by him at a time when he was so far insane as to incapacitate him from contracting, and that this mental incapacity existed at the time the decree was made.

There is a special prayer in the original petition that the decree be vacated and that the agreement be annulled. Eliminating all the allegations, prayers and petitions especially relating to the minor plaintiffs, and this was the effect of the ruling of the court sustaining appellees' exceptions, these two issues were presented by the appellant's petition and amendments:

First. That he was *non compos mentis* at the time the agreement was executed. Second. That he was laboring under that mental disability at the time the decree was entered.

However, the court, by instruction, submitted to the jury the first issue only, and upon that the jury found that the appellant was insane at the time the agreement was executed. Appellant contends that upon this finding the court should have rendered judgment in his favor setting aside and vacating the former decree. While appellees contend that as the jury did not find that the appellant was insane at the time the decree was made and entered, therefore

that the court correctly rendered judgment in favor of appellees confirming the former decree.

We can agree to neither of these propositions. To have authorized the court to vacate the former decree; the appellant's insanity or mental disorder should have been declared by the verdict of the jury, both at the time of the execution of the agreement, and the rendition of the judgment.

There is no statement of facts in the record; the court, however, concluded that there was suffice evidencient to require the first issue to be submitted to the jury. That being true, the presumption that this mental disorder would continue for three days, would require the court to submit to the jury the second issue. But having failed to do so, the court could not render a judgment upon that presumption which was but evidence of a fact, that the jury should pass upon and determine.

On the other hand, having failed to submit the case made by the pleadings and evidence, and especially when the jury had found for appellant, to the extent the case was submitted, the court would not be authorized in rendering judgment against appellant confirming the former decree.

The practice of rendering judgment, *non obstante veridicto*, is not to be encourged by the courts or to be extended to cases not heretofore embraced within the rule. The class of cases in which that rule has heretofore been applied is where the defendant has admitted or confessed the plaintiffs' action, and has set up some matter by way of avoidance, that in law constitutes no defence, and upon which the jury has found for the defendant. In such case the plaintiffs' cause stands confessed, and therefore requires no evidence to establish it; then the court determines as a matter of law, that the matters set up in defence constitute no obstacle to a recovery by the plaintiff, upon the admitted cause of action, and renders judgment for the plaintiff notwithstanding the verdict.

It will be observed that in the application of that rule, this court does not invade the province of the jury, in that there is no weighing of testimony or passing upon the credibility of witnesses. But in the case before us, the court in rendering the judgment confirming the decree, notwithstanding the verdict, must necessarily have assumed the province

of the jury and determined from the evidence that the appellees were entitled to that affirmative relief. When the pleading of the party in whose behalf the verdict is rendered is not sufficient to sustain the finding, the judgment ought to be arrested; so also where the evidence is not sufficient to sustain the verdict, the court has full power to remedy the wrongs by granting a new trial.

It is clear that the court erred in assuming to determine the case upon its merits, and in rendering a judgment concluding the rights of appellant, notwithstanding the verdict was in his favor.

The appellees' exceptions to appellant's petition and amendments thereto, were properly sustained, the minor plaintiffs had no interest in the subject matter of the suit, and were improperly joined as parties. If, as alleged, appellant was *non compos mentis* at the time the agreement was executed, and the decree was rendered, then he would, in the absence of evidence showing a confirmation or something of that kind, be entitled to have the agreement annulled and the decree vacated, and to have a just and fair partition made of the property between the co-owners. But the minors having no interest in the property, the obligation of parent and natural guardian rests upon appellant to maintain and educate these minor children.

We think the judgment ought to be reversed and the cause remanded for a new trial.

Report of commissioners of appeals examined, their opinion adopted, the judgment reversed and cause remanded.